IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-po-1-RGA |
| | ) | |
| ZACK G. SHARPE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Magistrate Judge Tennyson issued a Certification of Contempt on February 9, 2026. (D.I. 1). In effect, the Certification of Contempt charged Defendant Zack Sharpe with a single count of criminal contempt. The Certification recounts the events leading up to Defendant's failure to appear at a civil proceeding held on February 5, 2026, a proceeding at which the Magistrate Judge had specifically ordered Mr. Sharpe to appear.

The Magistrate Judge's Certification complied with the procedure set forth in the relevant statute.

> (6) Upon the commission of any such act—
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>
> (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, . . .
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(ii).

Pending before me are three motions to dismiss the Certification of Contempt. (D.I. 9, 20, 26). The second and third motions to dismiss are almost identical. I will dismiss the second motion to dismiss (D.I. 20) as mooted by the third motion to dismiss. I've reviewed the other two motions and the Government's responses. (D.I. 11, 27). For the following reasons, the motions to dismiss (D.I. 9, 26) will be denied.

The first and third motions to dismiss could not be more different. They were filed by different counsel. The first raises a host of procedural objections. The third presents a defense on the merits. I address the first motion first.

**Proper Charging Document**

The first motion to dismiss contends the charging document is improper and fails to meet the pleading standard required by Federal Rule of Criminal Procedure 7. (D.I. 9 at 5-6). In particular, Defendant complains that the Certification of Contempt did not cite any specific federal statute that prohibits criminal contempt. (*Id.*). Rule 7, however, applies exclusively to indictments and information, neither of which is at issue in this case. The charging document is the Magistrate's Certification of Contempt. (D.I. 1). The Magistrate Judge properly certified facts as authorized to do and ordered Defendant to appear before me on a specific date to show cause as to the reasons why he should not be held in contempt. 28 U.S.C. § 636. "[U]nder the statute, the magistrate judge's certification of facts seems designed to serve the function of a charging instrument or pleading for a trial to be held before the district judge." *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 903 (3d Cir. 1992). The criminal contempt charge before me is a petty offense. (*Gill v. Everyday Dose*, No. 24-cv-1359-RGA-EFT, D.I. 82 & 83

(D.Del. Feb. 18 & 19, 2026)).[1] I think it is proper for the Certification of Contempt to serve as the charging document.

The Certification of Contempt complies with Federal Rule of Criminal Procedure 42. That Rule sets forth relevant procedures relating to the prosecution of criminal contempt. The Certification of Contempt adequately described the essential facts of the events that led to criminal contempt.[2] It notified Defendant of the date and time for a future proceeding before a District Judge. The Certification of Contempt informed Defendant that his conduct could constitute civil contempt, criminal contempt, either, or both. (D.I. 1 at 9). It adequately advised Defendant of his right to counsel. (*Id.*). It allowed Defendant time to retain counsel and prepare a defense for the hearing.

The purpose of the Certification of Contempt was to inform this court of the contempt allegations. *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 903 (3d Cir. 1992). The Certification of Contempt detailed the events that ultimately led to Defendant's failure to appear on February 5, 2026. It is, however, merely a charging document. I cannot rely upon it to determine the facts; the evidence will be whatever is presented at the hearing. 28 U.S.C. § 636(e)(6)(B); *Taberer*, 954 F.2d at 904-05. Thus, when the Government asserts that the Certification of Contempt will not be used as evidence against Defendant (D.I. 11 at 12), the Government is merely acknowledging what the law requires.

---

[1] In an early stage of the case, in the cited order, I limited the maximum penalties to six months imprisonment and a $5,000 fine. Upon further reflection, if Defendant is convicted, I will not impose any sentence of imprisonment. *See* Fed. R. Crim. P. 58(a)(2).

[2] To the extent there is any uncertainty about the statute under which Defendant is being prosecuted, it is 18 U.S.C. § 401(3).

**Jurisdiction**

Defendant is a lawyer. He was admitted *pro hac vice* on February 18, 2025, to represent a party in *Gill v. Everyday Dose*, a case pending before this Court. Defendant's appearance was withdrawn on May 22, 2025. (No. 24cv1359, D.I. 35). Defendant now argues that the court lacked jurisdiction to require Defendant's appearance once he had withdrawn his representation in the civil case. In connection with the motion for admission *pro hac vice,* Defendant signed a certification in which, among other things, he "submit[ted] to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the preparation or course of this action." (*Id.*, D.I. 13). When the Magistrate Judge discovered what appeared to be widespread A.I. hallucinations in a brief, she issued an order to show cause. (*Id.*, D.I. 38). Defendant did not sign the offending brief. The Court was unaware of Defendant's involvement when the Order to Show Cause was issued. (*Id.*). This is why Defendant did not receive it from the Court. Defendant's connection was revealed after the responses from other counsel were filed. (*Id.*, D.I. 42; D.I. 46). As things developed, the Magistrate Judge gave Defendant notice of the hearing at which he failed to appear, and there is no indication among the contemporaneous statements attributed to Defendant that the failure to appear was because of lack of notice or because he had not been subpoenaed to appear at the hearing or because he resides and is employed more than 100 miles from the courthouse. (*See* D.I. 9 at 7-8). The Magistrate Judge had the power to order Defendant's appearance at the hearing.

**Notice and Oral Orders**

Defendant argues that the notice he had of hearing was "patently unconstitutional." The relevant question is whether he had actual notice of the requirement that he appear at the hearing. The Certification of Contempt provides a factual basis to believe that he had actual notice of the

hearing and that the Court was requiring him to attend it. That is all that is required to meet the minimum requirements of due process. Arguments about failure to provide the original Order to Show Cause and about failure to provide notice of any possible sanctions are irrelevant when Defendant is being prosecuted for the failure to appear at a hearing at which he was ordered to appear.

For the above-stated reasons, I deny Defendant's first motion to dismiss.

**Sufficiency of Evidence**

The third motion to dismiss (D.I. 26) is unusual. It essentially lays out one possible defense case, which Defendant summarizes as, "[My] conduct was regrettable. It was not criminally willful." (*Id.* at 1).

Defendant seeks to dismiss the charge based on the current record. Absent a stipulated record, I will not consider arguments relating to the sufficiency of the evidence. Defendant's motion, which is supported by some documentation, including his declaration, attempts to explain his state of mind, without allowing for any cross-examination. The whole point of the certification procedure is to have a trial at which the parties present the evidence and I make whatever factual determinations need to be made. As correctly noted by the Government, "a pretrial motion to dismiss 'is not a permissible vehicle for addressing the sufficiency of the government's evidence.'" (D.I. 27 at 2, *citing United States v. DeLaurentis*, 230 F.3d 659 (3d Cir. 2000)).

I note that Defendant provides no authority in support of the proposition that I could grant his motion to dismiss even were I convinced of the correctness of his argument. Thus, I have no choice but to deny the third motion to dismiss.

For the reasons stated above, the second motion to dismiss (D.I. 20) is DISMISSED as moot and the other motions to dismiss (D.I. 9, 26) are DENIED.

IT IS SO ORDERED this 19th day of August 2026.

/s/ Richard G. Andrews
United States District Judge